DIANNE O'DONNELL, Respondent, v KEVIN O'DONNELL, Appellant. [914 NYS2d 300]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (DiDomenico, J.), entered April 15, 2009, as, upon an order of the same court dated January 15, 2009, granting the plaintiff's motion to confirm a referee's report (Delizzo, Ct. Atty. Ref.) dated December 15, 2008, made after a hearing, inter alia, awarded the plaintiff a divorce on the ground of cruel and inhuman treatment.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In an order dated August 6, 2008, the Supreme Court referred this action to a referee to hear and report (see CPLR 4212) on the issues of whether the plaintiff established the existence of a ground for a divorce and, if so, the appropriate award of ancillary relief. On December 15, 2008, following a hearing, the referee issued his report, with recommendations. Thereafter, the plaintiff moved to confirm the referee's report. The defendant did not move to reject the referee's report (see CPLR 4403), nor did he oppose the plaintiff's motion to confirm the report. In an order dated January 15, 2009, the Supreme Court confirmed the report. Upon the order dated January 15, 2009, the Supreme Court entered a judgment, inter alia, awarding the plaintiff a divorce on the ground of cruel and inhuman treatment.

Although the defendant failed to oppose the plaintiff's motion to confirm the referee's report, or cross-move to reject it, his appeal from portions of the judgment is properly before us since the underlying issues he addresses, including whether there was a proper ground for the divorce and whether the plaintiff was properly awarded certain ancillary relief, were the "subject of contest" at the hearing (James v Powell, 19 NY2d 249, 256 n

3 [1967]). On appeal, however, the defendant raises these issues in the context of numerous objections to the referee's report. By failing to challenge the alleged errors in the referee's report before the Supreme Court, the defendant has waived his right to raise those objections on appeal (*see Matter of Thomas v Murphy*, 2 AD3d 1404 [2003]; *Sroka v Sroka*, 255 AD2d 897, 898 [1998]; *Passaro v Henry*, 251 AD2d 390 [1998]).

Accordingly, the judgment must be affirmed insofar as appealed from. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.