■ HUMMINGBIRD ASSOCIATES, Appellant, v DIX AUTO SERVICE, INC., et al., Respondents. [709 NYS2d 51] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about May 14, 1999, which, in an action to recover the reduction in a condemnation award attributable to the cost of remedying environmental contamination, granted defendants' motions to dismiss plaintiff's second amended complaint on the ground that the action had been abandoned, unanimously affirmed, without costs.

The action was abandoned when plaintiff failed to take proceedings to enter a judgment against the only named defendant within a year after the latter's default in answering the first amended complaint (CPLR 3215 [c]). A different conclusion is not required by the fact that issue had been joined on the original complaint, since the first amended complaint superseded the original complaint and became the only complaint in the action (see, Halmar Distribs. v Approved Mfg. Corp., 49 AD2d 841). Plaintiff now seeks to serve a second amended complaint naming, as direct defendants, parties that had been joined in the original complaint as third- and fourth-party defendants, as well as the originally named defendant's insurer. However, as the IAS Court correctly held, there is no extant complaint to amend, and plaintiff's only recourse against such additional parties is to start a new action. We would note any such new action would be barred by a three-year Statute of Limitations that began to run, at the latest, in January 1991, when plaintiff learned of the City's intention to reduce the condemnation award in the amount of the projected cost of remedying the contamination (CPLR 214-c [2]; see, Oliver Chevrolet v Mobil Oil Corp., 249 AD2d 793; Rose v Grumman Aerospace Corp., 196 AD2d 861). Concur—Tom, J. P., Wallach, Rubin, Saxe and Buckley, JJ.