■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v JUDY TANIBAJEVA et al., Defendants, and BOARD OF MANAGERS OF THE 225 EAST 86TH STREET CONDOMINIUM, Respondent. [17 NYS3d 399]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about December 13, 2013, which denied plaintiff's motion for summary judgment against defendant Board of Managers of the 225 East 86th Street Condominium (Board), and granted summary judgment to the Board dismissing the action without prejudice to plaintiff's re-bringing an ac-

tion on the subject note and mortgage, unanimously affirmed, with costs.

There was no procedural bar to the motion court's granting summary judgment to defendant, which did not move for that relief, on plaintiff's motion for summary judgment (CPLR 3212 [b]; *McDougal v Apple Bank for Sav.*, 200 AD2d 418, 419 [1st Dept 1994]).

As the owner of the unit upon which plaintiff seeks to foreclose, the Board has standing to challenge any element of plaintiff's claims, including the assignment and delivery of the note and mortgage, to establish its affirmative defense that plaintiff lacks standing (*see generally Combs v Ocwen Loan Servicing, LLC*, 2014 NY Slip Op 33362[U], *3 [Sup Ct, Kings County 2014]). In light of the fact that the purported assignment of the mortgage note to plaintiff by defendant New Century Mortgage Corporation took place after the effective date of New Century's bankruptcy plan, which terminated its officers and placed all of its assets into a liquidating trust, the Board established, as a matter of law, that plaintiff does not have standing by virtue of the alleged assignment (*In re New Century TRS Holdings, Inc.*, 407 BR 576, 585-586 [D Del 2009]; *see Hymas v Deutsche Bank Natl. Trust Co.*, 2013 WL 6795731, *5, 2013 US Dist LEXIS 179164, *13 [D Nev, Dec. 16, 2013, No. 2:13-cv-1869-RCJ-GWF]). Significantly, the impossibility of such an assignment was noted in several cases in which Deutsche Bank was *also* a party (2013 WL 6795731, 2013 US Dist LEXIS 179164; *see also Deutsche Bank Natl. Trust Co. v Williams*, 2012 WL 1081174, *3-5, 2012 US Dist LEXIS 43968, *7-15 [D Haw, Mar. 29, 2012, No. 11-00632 JMS/RLP]). Thus, plaintiff was plainly aware, both through the rulings in other cases and specifically in this case, of the New Century bankruptcy and plan. The Board also established that the assignment and allonge were "robosigned" by employees of plaintiff's servicer (Countrywide), rather than by authorized agents of the alleged assignor, thus rendering the alleged assignment a nullity.

In light of the cursory affidavit plaintiff submitted in support of its claim to have received physical delivery of the note prior to the commencement of this action, as well as its failure to advance an explanation as to how the note and mortgage could have properly been delivered to it after the bankruptcy plan had been approved and the assets of New Century transferred to the trustee in bankruptcy, plaintiff failed to establish that it has standing by virtue of delivery (*see US Bank N.A. v Faruque*, 120 AD3d 575, 577 [2d Dept 2014]; *Deutsche Bank Natl. Trust*

*Co. v Barnett*, 88 AD3d 636, 638 [2d Dept 2011]). The motion court therefore properly granted summary judgment to defendant. Concur—Mazzarelli, J.P., Sweeny, Saxe, Richter and Manzanet-Daniels, JJ.