■ JPMC SPECIALTY MORTGAGE LLC, Respondent, v LUIS ESPADA et al., Appellants, et al., Defendants. [40 NYS3d 70]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 23, 2015, which denied the proposed intervenors' motion to dismiss the complaint or, in the alternative, to vacate their default and grant leave to answer, unanimously affirmed, without costs.

The proposed intervenors lack standing to raise the improper service defense on behalf of the mortgagor (*see Wells Fargo Bank, N.A. v Bowie*, 89 AD3d 931 [2d Dept 2011]). In any event, the defense is unavailing in light of the affidavits of service (*see Matter of de Sanchez*, 57 AD3d 452, 454 [1st Dept 2008]).

The limited power of attorney held by the proposed intervenors does not authorize them to litigate to protect the mortgaged property since they hold no title and are not mortgagors, and the title-holding owner purposefully chose not to litigate over the property (*cf. Lorisa Capital Corp. v Gallo*, 119 AD2d

99, 108-109 [2d Dept 1986] [realty management functions to which power of attorney was limited reasonably included litigating on behalf of absentee owner who could not do so for himself]). In a similar vein, since the mortgagor intentionally stopped mortgage payments and declined to answer the complaint, no reasonable excuse could be shown to vacate the default (*see Amalgamated Bank v Helmsley-Spear, Inc.*, 109 AD3d 418, 419-420 [1st Dept 2013], *affd* 25 NY3d 1098 [2015]). Concur—Tom, J.P., Mazzarelli, Richter, Manzanet-Daniels and Webber, JJ.