(November 14, 2017)

■ HSBC BANK USA, Respondent, v PAULA RICE, Appellant, et al., Defendants. [63 NYS3d 382]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered September 30, 2015, which, among other things, granted plaintiff's motion for summary judgment on its foreclosure complaint and directed a referee to compute the amount due, unanimously reversed, on the law, without costs, plaintiff's motion for summary judgment denied, and, upon a search of the record, summary judgment granted to defendant Paula Rice dismissing the complaint as against her, without prejudice. The Clerk is directed to enter judgment accordingly.

RPAPL 1304 notice "shall be sent by [the] lender, assignee (including purchasing investor) or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (RPAPL 1304 [2]). Proper service of a RPAPL 1304 notice containing the statutorily-mandated content is a condition precedent to the commencement of a foreclosure action, and plaintiff has the burden of establishing its strict compliance with this condition (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 103 [2d Dept 2011]).

Plaintiff failed to establish that it strictly complied with RPAPL 1304. Plaintiff submitted an affidavit of its loan servicer, supported by copies of the 90-day notice it alleges was

served and a copy of the unsigned, undated return receipt. These documents were insufficient to establish plaintiff's prima facie entitlement to summary judgment. In the affidavit, the loan servicer's vice president of loan documentation fails to demonstrate a familiarity with the servicer's mailing practices and procedures. Therefore, plaintiff did not establish proof of a standard office practice and procedure (*see Wells Fargo Bank, N.A. v Lewczuk*, 153 AD3d 890 [2d Dept 2017]; *Wells Fargo Bank, N.A. v Trupia*, 150 AD3d 1049 [2d Dept 2017]). Moreover, portions of the receipt in the record are blank, and an undated and unsigned return receipt is not sufficient to establish proof of the actual mailing (*see Wells Fargo, N.A. v Trupia*, 150 AD3d at 1051; *see also Investors Sav. Bank v Salas*, 152 AD3d 752 [2d Dept 2017]).

In light of the foregoing, we need not reach defendant's remaining contentions. Concur—Richter, J.P., Webber, Kern and Moulton, JJ.