17-345-cv(L)
*Gustavia Home, LLC v. Rutty*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December two thousand seventeen.

PRESENT:   GUIDO CALABRESI,
           RICHARD C. WESLEY,
           DENNY CHIN,
                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
GUSTAVIA HOME, LLC,

        *Plaintiff-Appellee,*


      v.                                                    17-345(L),
                                                              17-662(CON)

ROBERT R. RUTTY,

        *Defendant-Appellant,*


JOHN DOE, 1 through 12, said persons or parties
having or claimed to have a right, title or interest
in the mortgaged premises herein, their
respective names are presently unknown to
Plaintiff,

        *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:        Alan H. Weinreb, The Margolin & Weinreb Law Group, LLP, Syosset, New York.

FOR DEFENDANT-APPELLANT:        Robert R. Rutty, *pro se*, Wadsworth, Illinois.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Defendant-appellant Robert R. Rutty, proceeding *pro se*, appeals from a judgment entered February 1, 2017, ordering that Rutty's property be foreclosed and sold pursuant to a January 24, 2017 memorandum decision and order granting a motion for summary judgment for plaintiff-appellee Gustavia Home, LLC ("Gustavia"). On appeal Rutty argues, *inter alia*, that the district court erred in granting summary judgment in favor of Gustavia because the original lender on Rutty's mortgage filed for bankruptcy in 2007, and no evidence demonstrated when Gustavia came into possession of the note or whether the original lender transferred the note before the bankruptcy or had the bankruptcy court's permission to do so. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's grant of summary judgment *de novo* and "resolve all ambiguities and draw all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 1227 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

In 2006, Rutty obtained a loan of $134,000 from People's Choice Home Loan, Inc. ("People's Choice"). Rutty executed a note payable to People's Choice and its successors and assignees. The loan was secured by a mortgage on a New York property in favor of Mortgage Electronic Registration Systems, Inc. as nominee for People's Choice. People's Choice filed for bankruptcy in 2007 and was dissolved in 2008. Through a series of undated allonges, the note was transferred to Gustavia. After Rutty failed to pay his mortgage, Gustavia brought this diversity action against Rutty to foreclose on the New York property.

In a foreclosure action under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default. *See, e.g.*, *Wells Fargo Bank, N.A. v. Walker*, 35

3

N.Y.S.3d 591, 592 (3d Dep't 2016); *see also R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997).   Where, as here, the defendant contests standing to foreclose, i.e., whether the foreclosure plaintiff has a legal or equitable interest in the mortgage, the plaintiff must additionally demonstrate that it was the holder or assignee of the mortgage and note when the action was commenced.   *Walker*, 35 N.Y.S.3d at 592-93.

Rutty questioned Gustavia's standing to pursue the foreclosure action. The record demonstrates that Rutty executed the note and mortgage in 2006, and that in 2007 the original lender filed for Chapter 11 bankruptcy.   By operation of law, the original lender's interest in the note and mortgage became property of the bankruptcy estate.   *See* 11 U.S.C. § 541.   Although Gustavia submitted allonges purportedly transferring the note, those allonges are undated, and no other evidence establishes that the original lender assigned the note before filing for bankruptcy or obtained the bankruptcy court's permission to transfer the note.   *See Deutsche Bank Nat'l Trust Co. v. Tanibajeva*, 17 N.Y.S.3d 399, 4001 (1st Dep't 2015) (affirming summary judgment in favor of foreclosure defendant where plaintiff failed to provide evidence that the original lender transferred note and mortgage before filing for bankruptcy); *see also Wells Fargo Bank, N.A. v. Rutty*, No. 14007/11, slip op. at 7 (N.Y. Sup. Ct. 2013) (dismissing without prejudice foreclosure action against Rutty by Wells Fargo for its failure to show that the

4

original lender transferred the note before filing for bankruptcy or with the bankruptcy court's approval). The district court's decision granting summary judgment in favor of Gustavia does not address these issues and it is not apparent from the record whether the bankruptcy impacted the purported transfers of the debt. Summary judgment, therefore, was not appropriate.

On appeal, Rutty also challenges the district court's denial of his motion to strike an affidavit submitted by Gustavia. The district court's denial was not "manifestly erroneous," and we therefore affirm that denial. *See Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999), *abrogated on other grounds by Schnabel v. Abramson*, 232 F.3d 83 (2d Cir. 2000).

Accordingly, we **VACATE** the judgment and **REMAND** for further proceedings consistent with this order. Rutty's motion for "summary judgment," filed in this Court, is construed as a request that we direct the district court on remand to enter judgment in his favor. The request is **DENIED**, as we hold not that Gustavia lacked standing as a matter of law, but simply that on this record it is not clear, considering the original lender's bankruptcy, that Gustavia has standing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5