HSBC Bank USA v Kirschenbaum (2018 NY Slip Op 01644)





HSBC Bank USA v Kirschenbaum


2018 NY Slip Op 01644


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


5994 850258/15 400

[*1]HSBC Bank USA, etc., Plaintiff-Appellant,
v
Joshua Kirschenbaum, Defendant-Respondent, Board of Managers of the Central Park West Condominium, et al., Defendants.


Blank Rome LLP, New York (Timothy W. Salter of counsel), for appellant.
Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered November 29, 2016, which granted defendant Joshua Kirschenbaum's motion to dismiss the complaint in this mortgage foreclosure proceeding, unanimously affirmed, with costs.
Defendant borrower Kirschenbaum made a prima facie showing that this action was untimely. The mortgage was accelerated on August 3, 2009 when plaintiff commenced the first foreclosure action, the statute of limitations expired on August 3, 2015 (see CPLR 213[4]), and plaintiff did not file this action until August 27, 2015.
In opposition, plaintiff failed to raise a question of fact as to whether the statute of limitations had been tolled
(Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085, 1085-1086 [2d Dept 2016]). We reject plaintiff's argument that the 90-day notice under Real Property Actions and Proceedings Law (RPAPL) § 1304 tolled the statute of limitations for 90 days.
CPLR 204(a) authorizes tolling of a statute of limitations and provides that "[w]here the commencement of an action has been stayed by a court or by a statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." Proper service of the RPAPL 1304 notice is a condition precedent to the commencement of a foreclosure action (HSBC Bank USA v Rice, 155 AD3d 443, 443 [1st Dept 2017]). A statutory prohibition and a condition precedent are separate concepts, and a plaintiff has complete control over the acts necessary to effectuate compliance with a condition precedent (Barchet v New York City Tr. Auth., 20 NY2d 1, 6 [1967]).
Here, plaintiff had complete control over when to serve the RPAPL 1304 notice, and could have done so at least 90 days prior to the expiration of the statute of limitations. Plaintiff did not serve the notice until May 26, 2015, less than 90 days before the expiration of the statute of limitations. In addition, there is nothing in RPAPL 1302 or 1304 that proscribes the prosecution of the action.
Andersen v Long Is. R.R. (59 NY2d 657 [1983]) and Burgess v Long Is. R.R. Auth. (79 NY2d 777 [1991]), cases upon which plaintiff relies, do not involve RPAPL 1304.
Plaintiff's argument that the mortgage loan was de-accelerated when it moved to discontinue the first mortgage foreclosure proceeding is improperly raised for the first time on appeal (see Lutin v SAP V/A Atlas 845 WEA Assoc. NF LLC,
__AD3d__, 2018 NY Slip Op 00103 [1st Dept 2018]). In any event, the argument is unavailing (see EMC Mtge. Corp. v Patella, 279 AD2d 604, 606 [2d Dept 2001]; Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894 [2d Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK