CitiMortgage, Inc. v Moran (2018 NY Slip Op 08435)





CitiMortgage, Inc. v Moran


2018 NY Slip Op 08435


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


810292/11 7841 7840

[*1]CitiMortgage, Inc., Plaintiff-Respondent,
v
Trevor Moran, Defendant-Appellant, Board of Managers with the Heritage at Trump Place, et al., Defendants.


Rozario & Associates, P.C., New York (Rovin R. Rozario of counsel), for appellant.
David A. Gallo & Associates, LLP, Roslyn Heights (Jonathan M. Cohen of counsel), for respondent.



Orders, Supreme Court, New York County (Shlomo Hagler, J.), entered July 18, 2017, which, to the extent appealed from, granted plaintiff's motion to reject, and denied defendant Moran's motion to confirm, the referee's report concluding that plaintiff failed to demonstrate proper service upon Moran of pre-foreclosure notice pursuant to RPAPL 1304, and granted plaintiff's motion for summary judgment on its complaint, unanimously reversed, on the law, without costs, plaintiff's motions denied, and defendant's motion granted. The Clerk is directed to enter judgment dismissing the complaint as against defendant Moran without prejudice.
Plaintiff failed to establish a presumption that it properly served defendant with RPAPL 1304 notice through proof either of actual mailing or of a standard office practice or procedure for proper addressing and mailing (see American Tr. Ins. Co. v Lucas, 111 AD3d 423, 424 [1st Dept 2013]). Its business operations analyst testified at the hearing on this issue that she was familiar with plaintiff's record keeping practices and procedures. However, she did not testify either that she was familiar with plaintiff's mailing procedures or that she was personally aware that RPAPL 1304 notices had been mailed to defendant (see HSBC Bank USA v Rice, 155 AD3d 443, 444 [1st Dept 2017]; HSBC Bank USA, N.A. v Gifford, 161 AD3d 618 [1st Dept 2018]). Nor does the fact that some of the RPAPL 1304 notices admitted into evidence at the hearing bear a certified mail number suffice to raise the presumption of proper service (Nationstar Mtge., LLC v Cogen, 159 AD3d 428, 429 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK