AS Helios LLC v Chauhan (2018 NY Slip Op 08565)





AS Helios LLC v Chauhan


2018 NY Slip Op 08565


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Richter, J.P., Manzanet-Daniels, Tom, Webber, Gesmer, JJ.


850023/16 7892 7891

[*1]AS Helios LLC, Plaintiff-Respondent,
v
Pushpa Chauhan, et al., Defendants-Appellants, M & T Bank, etc., et al., Defendants.


Lanin Law P.C., New York (Scott L. Lanin of counsel), for appellants.
Friedman Vartolo LLP, New York (Chad Harlan of counsel), for respondent.



Appeal from orders, Supreme Court, New York County (Carol Edmead, J.), entered on or about April 13, 2017, which granted plaintiffs' summary judgment motion for foreclosure, dismissing defendants' affirmative defenses and counterclaims, and appointing a referee to compute the amount due plaintiff, deemed appeal from judgment, same court and Justice, entered July 24, 2017 (CPLR 5501[c]), and, so considered, said judgment unanimously reversed, without costs, on the law, the judgment vacated, and plaintiffs' motion denied.
The borrower raised a meritorious standing defense based on questions as to the sufficiency of the content of the conclusory lost note affidavit, which does not state that a thorough and diligent search was made based on a review of the business records or anything else, does not state that any search was made or by whom, and does nothing to indicate when approximately the note was lost (see US Bank N.A. v Richards, 155 AD3d 522 [1st Dept 2017]; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043 [2d Dept 2018]).
The borrower also raised a plausible notice defense regarding plaintiff's service of the requisite 90-day notice under RPAPL 1304 (see HSBC Bank USA v Rice, 155 AD3d 443 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK