Wells Fargo Bank, N.A. v Merino (2019 NY Slip Op 04655)





Wells Fargo Bank, N.A. v Merino


2019 NY Slip Op 04655


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9589 380676/13

[*1]Wells Fargo Bank, N.A., Plaintiff-Respondent,
v
Reyes Merino, Defendant-Appellant, City Register of The City of New York, et al., Defendants.


Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellant.
Reed Smith LLP, New York (Andrew B. Messite of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about April 26, 2018, which granted plaintiff's motion for judgment of foreclosure and sale, unanimously reversed, on the law and the facts, with costs, the judgment vacated, plaintiff's motion denied, and defendant Reyes Merino's cross motion to dismiss the complaint granted.
It was an improvident exercise of discretion to apply the law of the case doctrine and decline to reconsider whether plaintiff established that RPAPL 1304 notices were properly and timely sent as a condition precedent to the commencement of its foreclosure action (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106 [2d Dept 2011]; see Emigrant Mtg. Co. v Lifshitz, 142 AD3d 755 [2d Dept 2016]). While defendant, who was initially pro se, raised the defense of plaintiff's noncompliance with the strict requirements of RPAPL 1304 90-day pre-foreclosure notices in her answer, she did not raise it in her opposition to plaintiff's motion for summary judgment, which was subsequently granted. This does not preclude her, however, from raising plaintiff's noncompliance prior to entry of judgment of foreclosure and sale (Emigrant, 142 AD3d at 755-756).
Plaintiff failed to establish strict compliance with RPAPL 1304, a condition precedent to the commencement of a foreclosure action (see HSBC Bank USA v Rice, 155 AD3d 443 [1st Dept 2017]). The affidavits submitted by plaintiff failed to demonstrate a familiarity with plaintiff's mailing practices and procedures (HSBC Bank, 155 AD3d at 444), and they did not suffice as affidavits of service.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK