JP Morgan Chase Bank, N.A. v White (2020 NY Slip Op 02259)





JP Morgan Chase Bank, N.A. v White


2020 NY Slip Op 02259


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Friedman, J.P., Kapnick, Webber, González, JJ.


11378N 380586/11

[*1] JP Morgan Chase Bank, N.A., Plaintiff-Respondent,
v
Alexandra White, also known as Alexandra Dowling, et al., Defendants. 
Adam Plotch, Non-party-Appellant.


The Law Offices of Thomas J. Finn, Forest Hills (Thomas J. Finn of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York (Charles Jeanfreau of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 4, 2018, which denied the motion of nonparty Adam Plotch to vacate a judgment of foreclosure and sale entered in plaintiff's favor on a condominium unit at 705 Purdy Street, in the Bronx, on September 15, 2015, and to vacate the summary judgment and default judgment order, entered on or about January 24, 2014, underlying said judgment of foreclosure and sale, unanimously affirmed, with costs.
Plotch acquired title to the subject property pursuant to a Referee's deed issued in a prior foreclosure action brought by the Condominium Board to enforce a lien for common charges. The Referee's deed was expressly subject to, inter alia, the mortgage lien owed to plaintiff's predecessor. Plotch's title, and status as the owner of the equity of redemption, made him an interested party, and gives him standing to oppose plaintiff's foreclosure action (see Deutsche Bank Natl. Trust Co. v Tanibajeva, 132 AD3d 430, 431 [1st Dept 2015]). Nonetheless, plaintiff's filing of the notice of pendency in May 2011 put all persons acquiring an interest in the property thereafter, including Plotch in February 2012, on constructive notice of the action. Plotch was thereby "bound by all proceedings taken in the action after such filing to the same extent as a party" (CPLR 6501). Hence, while Plotch's ownership of the property made him an interested party, he "was not a necessary party, he being in no better position than a purchaser or incumbrancer whose interest is acquired by a conveyance subsequent to the filing of such notice and whose interest is deemed foreclosed as though he were an actual party to the action" (Westchester Fed. Sav. & Loan Assn. v H.E.W. Constr. Corp., 29 AD2d 670, 671 [2d Dept 1968], lv denied 21 NY2d 646 [1968]; see Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 479-480 [2d Dept 2006]). Hence, standing alone, Plotch's ownership of the equity of redemption did not entitle him to service of any of the papers herein and such lack of service does not vitiate the summary judgment order or judgment of foreclosure (see Citimortgage, Inc. v Dulgeroff, 138 AD3d 419, 419 [1st Dept 2016], lv dismissed 28 NY3d 1081 [2016]; Westchester Fed. Sav. & Loan Assn., 29 AD2d at 671).
Plaintiff's failure to serve Plotch with a copy of the summary judgment/default judgment order, notwithstanding that order's directive that plaintiff do so, likewise does not constitute a jurisdictional defect or other basis for vacatur of that order. Nor has Plotch pointed to any injustice resulting from plaintiff's failure to serve him with a copy of the summary judgment order, since, as we find herein, summary judgment was properly granted (see Amalgamated Bank v Helmsley-Spear, Inc., 25 NY3d 1098, 1100 [2015]; Dulgeroff, 138 AD3d at 419).
The "mislabeling" of the affidavit of service of the summary judgment/default judgment motion is a mere irregularity, which does not warrant denial of the underlying motion absent [*2]prejudice, which Plotch does not (and cannot) assert (CPLR 2001; County of Nassau v Cedric Constr. Corp., 100 AD2d 890, 891 [2d Dept 1984]).
Plotch's arguments directed at the merits of plaintiff's motion for summary judgment/default judgment do not lie on this appeal from denial of his motion to vacate the summary judgment order and judgment of foreclosure (see Board of Mgrs. of Cent. Park Place Condominium v Potoschnig, 178 AD3d 489, 489 [1st Dept 2019]; Nichols v Curtis, 104 AD3d 526, 529 [1st Dept 2013]).
We have considered Plotch's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK