MTGLQ Invs., L.P. v Shay (2021 NY Slip Op 00237)





MTGLQ Invs., L.P. v Shay


2021 NY Slip Op 00237


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Index No. 850025/13 Appeal No. 12864 Case No. 2019-03461 

[*1]MTGLQ Investors, L.P., Plaintiff-Respondent,
v
Elaine Shay, Esq. etc., et al., Defendants. 21647 LLC, Nonparty Appellant.


Rosenberg Fortuna & Laitman LLP, Garden City (Anthony R. Filosa of counsel), for appellant.
Friedman Vartolo LLP, New York (Oran Schwanger of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered July 10, 2019, which granted plaintiff's motion to confirm the Referee's report and for a judgment of foreclosure and sale and denied 21647 LLC's cross motion to vacate the publication order and order of reference and to dismiss the action, unanimously reversed, on the law, without costs, plaintiff's motion denied and 21647 LLC's cross motion granted. The Clerk is directed to enter judgment accordingly.
Nonparty 21647 LLC (21647) acquired title to the subject property pursuant to a referee's deed dated September 24, 2018 and issued in a foreclosure action brought by the condominium board to enforce a lien for common charges. The referee's deed was subject to the mortgage lien owed to plaintiff's predecessor.
21647's title and status as the owner of the equity of redemption made it an interested party and gave it standing to oppose plaintiff's foreclosure action (see JP Morgan Chase Bank, N.A. v White, 182 AD3d 469, 470 [1st Dept 2020]; Wells Fargo Bank, NA v McKenzie, 183 AD3d 574, 575 [2d Dept 2020]). However, because plaintiff filed a notice of pendency, 21647 was "bound by all proceedings taken in the action after such filing to the same extent as a party" (White, 182 AD3d at 470; CPLR 6501). By the time 21647 acquired title, the court had already issued an order of reference on default. Therefore 21647 could properly move to vacate the default on a legally recognized basis (see CPLR 5015[a]; White, 182 AD3d at 471). 21647 could also properly move to dismiss pursuant to CPLR 3215(c) (see McKenzie, 183 AD3d at 576).
Under the circumstances presented and in the interest of judicial economy, it is appropriate to address 21647's cross motion on the merits, rather than remitting the matter to the Supreme Court to do so (see McKenzie, 183 AD3d at 576).
The mortgage foreclosure action should have been dismissed as against original borrower Melissa Eaton, pursuant to CPLR 3215(c), because plaintiff failed to "take proceedings for the entry of judgment" within one year of Eaton's default. The time to seek a default judgment should be measured from the default in responding to the original, not the amended, complaint (see Quadrozzi Concrete Corp. Individual Account Plan & Trust v Javash Realty, LLC, 164 AD3d 1491, 1491-1492 [2d Dept 2018], lv denied 33 NY3d 903 [2019]). Although an amended complaint supersedes the original complaint, and therefore requires a new responsive pleading to avoid default (see Hummingbird Assoc. v Dix Auto Serv., 273 AD2d 58, 58 [1st Dept 2000], lv denied 95 NY2d 764 [2000]), allowing the filing of an amended complaint to effectively cure a failure to timely move for a default in responding to the original complaint would create an exception that swallows the rule. Because plaintiff did not move for a default judgment until well after one year after Eaton's default in responding to the original complaint, and because plaintiff [*2]fails to offer any excuse for this delay (see generally Deutsche Bank Natl. Trust Co. v Cruz, 173 AD3d 610, 610 [1st Dept 2019]), dismissal was appropriate under CPLR 3215(c) — notwithstanding plaintiff's inability to bring a new action due to expiration of the statute of limitations (see Hummingbird, 273 AD2d at 58). Contrary to plaintiff's claim, 21647 did not waive its CPLR 3215(c) argument by simply filing a notice of appearance without more, such as a responsive pleading (see Sports Legends, Inc. v Carberry, 38 AD3d 470, 470 [1st Dept 2007]).
Dismissal of the action as against Eaton requires discontinuation of the action as against Meldal as well (see RPAPL 1311[1]; LaSalle Bank N.A. v Benjamin, 164 AD3d 1223, 1225 [2d Dept 2018]). Even were this not the case, dismissal of the action as against Meldal is appropriate for the independent reason that she was never properly served and personal jurisdiction was thus never obtained over her.
Although Meldal was not served within 120 days of filing the original complaint, the time for service was extended by the publication order, which also allowed service by publication in New York, and service was subsequently completed in accordance with this order (see CPLR 306-b). However, the publication order should be vacated because the motion court lacked personal jurisdiction over Meldal in entering it due to the absence of timely service with process under CPLR 306-b or of a valid basis for an extension of the time for service (see CPLR 5015[a][4]; see also generally Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 103-106 [2001]).
Plaintiff did not make reasonably diligent efforts to serve Meldal, as required to demonstrate good cause for an extension (see Leader, 97 NY2d at 105). Indeed, plaintiff offers no explanation for why it made no attempts to locate Meldal in London after learning that she may have moved there and made no attempts to locate her at all between August 2013 and May 2016. These same facts counsel against an extension in the interest of justice, as does the length of the delay in requesting an extension and making service, and these facts outweigh the fact that the statute of limitations has since expired (see CPLR 213[4]; Leader, 97 NY2d at 105-106; HSBC Bank USA, N.A. v Lev, 181 AD3d 938, 941 [2d Dept 2020]).
The fact that plaintiff had reason to believe that Meldal lived in London also rendered service by publication in New York improper, as such service was not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" (see generally ISCA Enters. v City of NY, 77 NY2d 688, 699 [1991], cert denied 503 US 906 [1992]; Contimortgage Corp. v Isler, 48 AD3d 732, 734-735 [2d Dept 2008]).
The order of reference must likewise be vacated as based on the now-vacated publication order (see CPLR 5015[a][5]).
Because of our disposition of these issues, we need not reach the additional issues raised by 21647.THIS CONSTITUTES [*3]THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021