U.S. Bank N.A. v Moran (2021 NY Slip Op 00645)





U.S. Bank N.A. v Moran


2021 NY Slip Op 00645


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 850073/14 Appeal No. 13056 Case No. 2020-03308 

[*1]U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., etc., Plaintiff-Respondent,
v
Trevor C. Moran, Defendant-Appellant, National City bank et al. Defendants.


Rozario Touma, P.C., New York (Rovin R. Rozario of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore (Keith L. Abramson of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered January 30, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for a judgment of foreclosure and sale, unanimously reversed, on the law, without costs, and the motion denied.
The court improvidently exercised its discretion in applying the doctrine of law of the case and declining to reconsider defendant's contention that plaintiff failed to demonstrate its compliance with RPAPL 1304 (see Wells Fargo Bank, N.A. v Merino, 173 AD3d 491 [1st Dept 2019]). Although defendant raised the defense of plaintiff's noncompliance in his answer, he did not raise it in his opposition to plaintiff's motion for summary judgment, which was granted. However, that does not preclude him from raising the defense prior to entry of judgment of foreclosure and sale (id.).
Plaintiff failed to demonstrate its strict compliance with RPAPL 1304, a condition precedent to the commencement of a foreclosure action (see HSBC Bank USA v Rice, 155 AD3d 443 [1st Dept 2017]). Although the statute requires that the notice be sent to "the property address and any other address of record," the affidavits submitted by plaintiff show that the notices were mailed neither to the mortgaged premises nor to defendant's residence. One of the addresses to which the notices were sent not only was never occupied by defendant but also specified a unit that did not exist at that street address. The other was sent to the correct high-rise apartment building of more than 400 units but was missing the unit number. Thus, plaintiff did not send defendant proper notice under RPAPL 1304 (U.S. Bank N.A. v Beymer, 161 AD3d 543 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021