U.S. Bank N.A. v Ashon (2024 NY Slip Op 02076)

U.S. Bank N.A. v Ashon

2024 NY Slip Op 02076

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2020-09300
 (Index No. 130287/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Paakwesi Ashon, et al., defendants; Adam Plotch, etc., nonparty-appellant.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for nonparty-appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Adam Plotch, as successor in interest to the defendant Paakwesi Ashon, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated April 23, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated October 19, 2016, inter alia, denying that branch of nonparty Adam Plotch's cross-motion which was to vacate a prior order of the same court dated July 30, 2015, which, among other things, appointed a referee to compute the amount due to the plaintiff, and upon an order of the same court dated April 23, 2019, granting the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale and denying nonparty Adam Plotch's cross-motion pursuant to CPLR 1018 to substitute himself as a defendant in the action in place of the defendant Paakwesi Ashon, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
This action was commenced in 2009 against Paakwesi Ashon, among others, to foreclose a consolidated mortgage executed by Ashon on a condominium unit in Staten Island (hereinafter the premises). The complaint alleged that Ashon defaulted in repayment of the loan secured by the mortgage on March 1, 2008. By order dated August 10, 2009, a referee was appointed to compute the amount due to the plaintiff.
Thereafter, by referee's deed dated January 25, 2011, the premises was conveyed to nonparty Adam Plotch pursuant to a judgment against Ashon in an action to foreclose a condominium common charge lien on the premises. The deed was recorded on March 3, 2011.
In an order dated July 30, 2015, the Supreme Court, inter alia, upon a motion by the plaintiff, deemed Ashon to be in default, vacated the order of reference dated August 10, 2009, and appointed a new referee to compute the amount due to the plaintiff.
In April 2016, the plaintiff moved to confirm the referee's report, for a judgment of foreclosure and sale, and to appoint a substitute referee to conduct the sale of the premises. Plotch cross-moved, inter alia, to vacate the order dated July 30, 2015. In an order dated October 19, 2016, the Supreme Court granted the plaintiff's motion and denied Plotch's cross-motion.
In an order dated September 18, 2018, the Supreme Court granted the plaintiff's subsequent unopposed motion to appoint a substitute referee, and appointed a substitute referee to calculate the amount due. In November 2018, the plaintiff again moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. Plotch cross-moved pursuant to CPLR 1018 to substitute himself as a defendant in place of Ashon, and opposed the plaintiff's motion on the ground that the court should invoke its equitable powers to disallow the plaintiff's interest charges on the loan due to the plaintiff's delay in prosecuting the action.
In an order dated April 23, 2019, the Supreme Court granted the plaintiff's motion and denied Plotch's cross-motion. Also on April 23, 2019, the court issued an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the premises. Plotch appeals.
The Supreme Court properly denied that branch of Plotch's cross-motion which was to vacate the order dated July 30, 2015, inter alia, appointing a new referee to compute the amount due to the plaintiff. Contrary to the plaintiff's contention, Plotch does not argue for the first time on appeal that the plaintiff lacked standing to commence the action, as he raised the issue in support of that cross-motion. However, contrary to Plotch's contention, under the circumstances presented, Plotch was not entitled to assert lack of standing as a defense to the action. "Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property" (Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 479). "The statute further provides that a person whose conveyance is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party" (id. at 479; see 534 K, LLC v Flagstar Bank, FSB, 187 AD3d 971, 972; Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 749, 750).
Here, the plaintiff's filing of a notice of pendency on March 5, 2009, the date of commencement of the action, put all persons acquiring an interest in the property thereafter on constructive notice of the action (see CPLR 6501; JP Morgan Chase Bank, N.A. v White, 182 AD3d 469, 470). Thus, Plotch, who obtained his interest in the premises pursuant to the referee's deed dated January 25, 2011, was "bound by all proceedings taken in the action after such filing to the same extent as a party" (CPLR 6501), including the order dated July 30, 2015, which deemed Ashon to be in default for failing to appear or answer the complaint (see MTGLQ Invs., L.P. v Shay, 190 AD3d 527, 528; JP Morgan Chase Bank, N.A. v White, 182 AD3d at 470; see also Wells Fargo Bank, NA v McKenzie, 183 AD3d 574, 575-576). Although, under RPAPL 1302-a, a defendant in a foreclosure action may raise the issue of standing at any time, this Court has determined that the statute does not apply to a defaulting defendant (see U.S. Bank N.A. v Goldberger, 211 AD3d 1077, 1078; Ditech Fin., LLC v Howell, 201 AD3d 786, 788). Thus, since Ashon defaulted in appearing or answering the complaint and his default was not vacated, Plotch was precluded from asserting a defense based on lack of standing (see MTGLQ Invs., L.P. v Shay, 190 AD3d at 528). For the same reason, Plotch was precluded from asserting as a defense to the action that the mortgage was not properly acknowledged. Accordingly, the Supreme Court properly denied that branch of Plotch's cross-motion which was to vacate the order dated July 30, 2015.
Moreover, the Supreme Court properly granted that branch of the plaintiff's motion which was to confirm the referee's report. Plotch, as Ashon's successor in interest (see CPLR 1018; Wells Fargo Bank, NA v McKenzie, 183 AD3d at 575), retained standing to contest the calculation of damages, regardless of Ashon's default in the action (see Wells Fargo Bank, N.A. v Campbell, 196 AD3d 726, 727; Wilmington Sav. Fund Socy., FSB v Moriarty-Gentile, 190 AD3d 890, 892). However, the court providently exercised its discretion in rejecting Plotch's contention that an award of interest should be disallowed. The record reflects that the delays in this action were not solely [*2]attributable to the plaintiff, and the delays which were attributable to the plaintiff were not so egregious as to warrant the tolling of the accrual of interest (see Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 639; People's United Bank v Patio Gardens III, LLC, 189 AD3d 1622, 1623). Moreover, there is no allegation that the plaintiff engaged in any wrongdoing during the prosecution of the action (see Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d at 639; Atalaya Asset Income Fund II, L.P. v 219 Sagg Main, LLC, 206 AD3d 868, 869).
Plotch's contention that the referee's report was not supported by admissible evidence is raised for the first time on appeal, and, under the circumstances, we decline to consider it (see LNV Corporation v Allison, 206 AD3d 710, 714; Deutsche Bank Natl. Trust Co. v 9th St, LLC, 198 AD3d 717, 717).
Plotch's remaining contentions are without merit.
CHAMBERS, J.P., CHRISTOPHER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court