US Bank N.A. v Tabibnia (2024 NY Slip Op 03237)

US Bank N.A. v Tabibnia

2024 NY Slip Op 03237

Decided on June 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2024

Before: Oing, J.P., Friedman, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 850158/20 Appeal No. 2493 Case No. 2023-04144 

[*1]US Bank National Association, etc., Plaintiff-Respondent,
v
Mansour Tabibnia et al., Defendants. The Domaine LLC, etc., Nonparty-Appellant.

Rosenberg Fortuna & Laitman, LLP, Garden City (Anthony R. Filosa of counsel), for appellant.
Reed Smith LLP, New York (James Faller of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Francis A. Kahn III, J.), entered May 4, 2023, which granted the motion of plaintiff US Bank National Association, As Trustee for Structured Asset Investment Loan Trust Series 2005-7, to confirm the Referee's report and for a judgment of foreclosure and sale, and denied nonparty The Domaine LLC's cross-motion to vacate defendant Mansour Tabibnia's default and to dismiss the action, unanimously affirmed, with costs.
Domaine was the assignee of the successful bidder at the foreclosure sale of the condominium's action to foreclose on a common charge lien. Domaine purchased the subject property when US Bank had an active notice of pendency; thus, Domaine's status as the owner of the equity of redemption made it an interested party under CPLR 5015 (a) (see JP Morgan Chase Bank, N.A. v White, 182 AD3d 469, 470 [1st Dept 2020]). Nevertheless, Domaine's motion to vacate and dismiss this action was properly denied as meritless.
CPLR 6501 provides that a person whose conveyance is recorded after the filing of a notice of pendency will be bound by all proceedings taken in the action subsequent to the filing to the same extent as if they were a named party to the action (see Majada Inc. v E&A RE Capital Corp., 205 AD3d 649 [1st Dept 2022]; JP Morgan Chase Bank v White, 182 AD3d at 470). Thus, the property interest of a purchaser who took title to the property where a notice of pendency was recorded prior to entry of judgment, like Domaine, is effectively foreclosed upon entry of the judgment of foreclosure (see Citimortgage, Inc. v Dulgeroff, 138 AD3d 419, 419-420 [1st Dept 2016], lv dismissed 28 NY3d 1081 [2016]; HBSC Bank USA v Minogue, 202 AD3d 662 [2d Dept 2022]). Further, Domaine lacks standing to challenge the service made upon defendant Tabibnia "since such a claim is personal in nature and may only be raised by the party allegedly improperly served" (U.S. Bank N.A. v Gotterup, 203 AD3d 982, 983 [2d Dept 2022]; see also JPMC Specialty Mtge. LLC v Espada, 143 AD3d 611, 611 [1st Dept 2016]). In any event, the defense is unavailing considering the proper affidavits of service.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2024