Deutsche Bank Natl. Trust Co. v Washington

2026 NY Slip Op 02058

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., Respondent,

v

Archie Washington et al., Appellants, Commissioner of Social Services of the City of New York Social Services District, et al., Defendants.

Decided and Entered: April 07, 2026

Index No. 35982/14|Appeal No. 6294-6294A|Case No. 2025-02399|

Before: Scarpulla, J.P., Friedman, Shulman, Rodriguez, Rosado, JJ.

New York Litigation Group, PLLC, Rochester (Tyler J. Hogan of counsel), for Archie Washington, appellant.

Stern & Stern, Brooklyn (Pamela E. Smith of counsel), for 3989 Paulding, LLC, appellant.

Fein, Such, Kahn & Shepard, P.C., Rochester (Michael S. Hanusek of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about February 28, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment against defendant Archie Washington and its motion for a default judgment against defendant 3989 Paulding LLC (Paulding LLC), denied defendant Paulding LLC's cross-motion for leave to renew its prior motion to vacate an August 4, 2015 order, same court (Kenneth L. Thompson, J.), entered on default and granting plaintiff leave to amend the complaint to join Paulding LLC as a necessary party defendant, and referred the matter to a referee for calculation of damages, unanimously modified, on the law, to the extent of denying plaintiff's motion for summary judgment as against Washington, and otherwise affirmed, without costs. Appeal from that portion of the February 28, 2025 order, which denied Paulding LLC's cross-motion for leave to reargue its prior motion to vacate the August 4, 2015 order entered on default, unanimously dismissed, without costs, as taken from a nonappealable paper.

In this mortgage foreclosure action, Supreme Court properly denied the cross-motion of Paulding LLC, the current title holder, for, inter alia, leave to renew its prior motion to vacate the August 4, 2015 order entered on default, as it failed to identify a change in the law justifying renewal (CPLR 2221[e]). The case relied upon effects no such change, but instead reaffirms identical holdings by this Court (see MTGLQ Invs., L.P. v Shay, 190 AD3d 527, 528 [1st Dept 2021], lv denied 37 NY3d 908 [2021], citing JP Morgan Chase Bank, N.A. v White, 182 AD3d 469, 470 [1st Dept 2020]; see also Deutsche Bank Natl. Trust Co. v Tanibajeva, 132 AD3d 430, 431 [1st Dept 2015]). While Paulding LLC claims plaintiff served its motion at the wrong address, "[s]ervice of the joinder motion on the party sought to be joined is not a condition precedent to the court's consideration of such an application" (Eastern States Elec. Contrs. v Crow Constr. Co., 153 AD2d 522, 524 [1st Dept 1989]; see also Levykh v Laura, 274 AD2d 418, 418 [2d Dept 2000]). Paulding LLC otherwise fails to demonstrate lack of personal jurisdiction (see Limited Liability Company Law § 303[a]; CPLR 311-a).

[*2]

Turning to the summary judgment motion, Supreme Court providently considered the successive motion based on "other sufficient justification," namely, enhanced judicial efficiency (Amill v Lawrence Ruben Co., Inc., 117 AD3d 433, 433 [1st Dept 2014] [internal quotation marks omitted]; see Bullaro v Ledo, Inc., 234 AD3d 433, 433 [1st Dept 2025]; see also Bank of Am., N.A. v Brannon, 156 AD3d 1, 5-11 [1st Dept 2017]; Landmark Capital Invs., Inc. v Li-Shan Wang, 94 AD3d 418, 419 [1st Dept 2012]; Detko v McDonald's Rests. of N.Y., 198 AD2d 208, 209 [2d Dept 1993], lv denied 83 NY2d 752 [1994]). Plaintiff submitted the mortgage, unpaid note, and evidence of Washington's default in payment and "established standing by showing that it had attached the indorsed note to the summons and complaint" in this action (Bank of N.Y. Mellon v Knowles, 151 AD3d 596, 596-597 [1st Dept 2017]; see Brannon, 156 AD3d at 6).

However, plaintiff failed to demonstrate "strict compliance" with the prelitigation notice provision of the Real Property Actions and Proceedings Law section 1304 (HSBC Bank USA v Rice, 155 AD3d 443, 443 [1st Dept 2017]; see RPAPL 1304[1]-[2]). Though the certified mail receipt in the record reflects the asserted date of mailing to the address of the mortgaged property, the tracking information from the Post Office raises questions of fact as to this mailing. Additionally, plaintiff's affiant failed to establish that the 90-day notice was sent by first-class mail as required, as there was no description "of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Hammer, 192 AD3d 846, 848 [2d Dept 2021]; see also CIT Bank N.A. v Schiffman, 36 NY3d 550, 556 [2021]). Similarly, the electronic notice to the Department of Financial Services, though timely made, failed to include Washington's address, one of the details required by the statute "at a minimum" (RPAPL 1306[2]), and we decline to "disregard" this omission (CPLR 2001).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026