Wells Fargo Bank, N.A. v Campbell (2021 NY Slip Op 04574)





Wells Fargo Bank, N.A. v Campbell


2021 NY Slip Op 04574


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-04471
 (Index No. 500170/14)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Merlene A. Campbell, etc., appellant, et al., defendants. Michael Kennedy Karlson, New York, NY, for appellant.


Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Andrew B. Messite, Joseph S. Jacobs, and James N. Faller], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Merlene A. Campbell appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated January 11, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated March 12, 2017, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
On January 9, 2014, the plaintiff commenced the instant action against the defendant Merlene A. Campbell (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property in Brooklyn. In September 2016, after the defendant failed to timely answer the complaint, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The Supreme Court, among other things, granted those branches of the plaintiff's motion. The referee appointed by the court issued a report, and the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. The court issued an order and judgment of foreclosure and sale granting the plaintiff's motion and directing the sale of the subject property.
Here, in opposition to the plaintiff's prima facie showing that the defendant was in default for failing to appear within the meaning of CPLR 3215(a), the defendant failed to rebut that showing and demonstrate that she should be relieved of the consequences of her default (see Deutsche Bank National Trust Company v Hall, 185 AD3d 1006, 1011; Gerster's Triple E. Towing & Repair, Inc. v Pishon Trucking, LLC, 167 AD3d 1353, 1355-1356; cf. CPLR 3012[d]; 5015[a]). Accordingly, she was precluded from raising the failure to satisfy a condition precedent, lack of [*2]standing, and predatory lending and unconscionablity as defenses to this action (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1011; U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1427-1428; HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 834; Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1069). Inasmuch as those defenses were never properly raised by the defendant, the plaintiff was not required to disprove them to obtain the relief it sought in its motion (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1011; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830; U.S. Bank N.A. v Carey, 137 AD3d 894, 896).
The fact that the defendant defaulted in appearing did not mean that she was precluded from contesting the amount owed (see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680). The Supreme Court should not have confirmed the referee's report because the referee's recommendation that the plaintiff be awarded tax and hazard insurance disbursements was premised upon unproduced business records (see Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769). Consequently, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record (see U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d 1645, 1651). Accordingly, we reject the referee's report and remit the matter to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
LASALLE, P.J., CHAMBERS, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court