Citimortgage v Stuckova (2021 NY Slip Op 06605)





Citimortgage v Stuckova


2021 NY Slip Op 06605


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-09034
2019-02350
 (Index No. 130530/12)

[*1]Citimortgage, etc., respondent, 
v
Anna Stuckova, appellant, et al., defendants.


Law Office of Nicholas Moccia, P.C., Staten Island, NY (Nicholas M. Moccia of counsel), for appellant.
Friedman Vartolo, LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anna Stuckova appeals from (1) an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated April 18, 2018, and (2) a judgment of foreclosure and sale of the same court dated December 3, 2018. The order, insofar as appealed from, granted the plaintiff's unopposed motion to confirm the report of a referee (Kenneth McGrail, Ct. Atty. Ref.) dated October 27, 2017, made after a hearing on the validity of service of process upon the defendant Anna Stukova, and denied that branch of that defendant's cross motion which was pursuant to CPLR 317 to vacate her default in answering the complaint. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed as a portion of the order was entered upon default and the right of direct appeal from the remaining portions of the order terminated with the entry of the judgment of foreclosure and sale in the action (see CPLR 5511; Matter of Aho, 39 NY2d 241, 248).
The plaintiff commenced this action against the defendant Anna Stuckova (hereinafter the defendant), among others, to foreclose a mortgage secured by certain real property located in Staten Island. After the Supreme Court granted the plaintiff's unopposed motion for an order of reference and the amount due under the mortgage was calculated, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendant, who had failed to appear or answer the complaint, cross-moved, inter alia, pursuant to CPLR 317 to vacate her default in answering the complaint or, in the alternative, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, arguing, among other things, that she had not been properly served with the summons and complaint. After a hearing was held before a referee on the issue of the validity of service of process upon the defendant, the plaintiff moved to confirm [*2]the referee's report. The defendant did not object or cross-move to reject the referee's report. In an order dated April 18, 2018, the court, inter alia, granted the plaintiff's unopposed motion to confirm the referee's report, and denied the defendant's cross motion, inter alia, to vacate her default in answering the complaint. The court subsequently entered a judgment of foreclosure and sale dated December 3, 2018. The defendant appeals.
Pursuant to CPLR 4403, any party may move to confirm or reject a referee's report, in whole or in part, within 15 days after the filing of the report. "In enacting CPLR 4403, the Legislature intended that the parties point out in what respects, if any, the Referee's report or his [or her] conduct of the proceedings is erroneous" (Passaro v Henry, 251 AD2d 390, 390 [internal quotation marks omitted]; see Matter of Breland [Motor Veh. Acc. Indem. Corp.], 24 AD2d 881, 881). As the defendant did not oppose the plaintiff's motion to confirm the referee's report, or cross-move to reject it, she has waived her right to assert objections to the findings of the referee for the first time on appeal (see O'Donnell v O'Donnell, 80 AD3d 586, 587; see also Passaro v Henry, 251 AD2d at 391; Matter of Treider v Lamora, 44 AD3d 1241, 1243).
CPLR 317 permits a defendant who has been served with a summons and complaint other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons and complaint in time to defend and has a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 998). "However, 'to support a determination granting relief under CPLR 317, a party must still demonstrate, and the Court must find, that the party did not receive actual notice of the summons and complaint in time to defend the action'" (Bethpage Fed. Credit Union v Grant, 178 AD3d at 998, quoting Wassertheil v Elburg, LLC, 94 AD3d 753, 754). Here, the defendant failed to demonstrate that she did not receive notice of the action in time to defend against it. "The mere denial of receipt of the summons and complaint is . . . insufficient to establish lack of actual notice for the purpose of CPLR 317" (Wassertheil v Elburg, LLC, 94 AD3d at 754 [internal quotation marks omitted]; see Bank of N.Y. v Samuels, 107 AD3d 653, 654). In light of the foregoing, it was unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense (see Bedesee Imports, Inc. v Najjar, 170 AD3d 640, 641-642; see also Stevens v Stepanski, 164 AD3d 935, 938).
Accordingly, the Supreme Court properly denied that branch of the defendant's cross motion which was pursuant to CPLR 317 to vacate her default in answering the complaint.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court