Wells Fargo Bank, N.A. v Davis (2023 NY Slip Op 02351)

Wells Fargo Bank, N.A. v Davis

2023 NY Slip Op 02351

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-12927
 (Index No. 500310/14)

[*1]Wells Fargo Bank, N.A., respondent,
v
Kim Davis, appellant, et al., defendants.

Kim Davis, Amityville, NY, appellant pro se.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Reed Smith, LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kim Davis appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Mark I. Partnow, J.), dated October 1, 2019. The judgment of foreclosure and sale, upon (1) an order of the same court dated February 7, 2017, denying that branch of that defendant's motion which was to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing, (2) an order of the same court dated September 6, 2017, denying that defendant's motion for leave to renew and reargue that branch of her prior motion which was to dismiss the complaint insofar as asserted against her on the ground that she was not properly served with process, which had been denied in the order dated February 7, 2017, (3) an order of the same court dated September 4, 2018, granting those branches of the plaintiff's motion which were for a default judgment against that defendant and for an order of reference, and (4) an order of the same court, also dated October 1, 2019, granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and denying that defendant's motion, in effect, pursuant to CPLR 5015(a)(3) to vacate the order dated September 4, 2018, that defendant's separate motion, in effect, to direct the referee to hold a hearing, and that defendant's separate motion to dismiss the complaint insofar as asserted against her, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
On July 30, 2007, the defendant Kim Davis (hereinafter the defendant) executed a note in the sum of $632,000. The note was secured by a mortgage on residential property located in Brooklyn (hereinafter the premises). The defendant allegedly defaulted on her obligations under the note and mortgage by failing to make the monthly payments due on February 1, 2010, and thereafter. On January 14, 2014, the plaintiff commenced this action to foreclose the mortgage. The defendant failed to appear or answer the complaint. In May 2015, the plaintiff moved, inter alia, for a default judgment and an order of reference (hereinafter motion No. 1). The defendant did not oppose motion No. 1.
In February 2016, the defendant moved, among other things, to dismiss the complaint insofar as asserted against her on the ground that she was not properly served with process and that [*2]the plaintiff lacked standing (hereinafter motion No. 2). By order dated February 7, 2017, the Supreme Court denied motion No. 2. The defendant then moved for leave to renew and reargue that branch of motion No. 2 which was to dismiss the complaint insofar as asserted against her on the ground that she was not properly served with process (hereinafter motion No. 3). By order dated September 6, 2017, the court denied motion No. 3.
By order dated September 4, 2018, the Supreme Court, inter alia, granted those branches of motion No. 1 which were for a default judgment and an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. Thereafter, the defendant made three separate motions: a motion, in effect, pursuant to CPLR 5015(a)(3) to vacate the order dated September 4, 2018 (hereinafter motion No. 4), a motion, in effect, to direct the referee to hold a hearing (hereinafter motion No. 5), and a motion to dismiss the complaint insofar as asserted against her (hereinafter motion No. 6). In April 2019, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale (hereinafter motion No. 7). The defendant opposed motion No. 7.
In an order dated October 1, 2019, the Supreme Court, inter alia, denied motion No. 4, motion No. 5, and motion No. 6, and granted motion No. 7. A judgment of foreclosure and sale, also dated October 1, 2019, among other things, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
The defendant contends that, in the order dated September 4, 2018, the Supreme Court should not have granted motion No. 1. However, because the defendant failed to oppose that motion, she is precluded, on appeal, from challenging the propriety of that order (see CPLR 5511; HSBC Bank USA, N.A. v Chowdhury, 204 AD3d 764, 765; Wells Fargo Bank, N.A. v Harrigan, 179 AD3d 1142, 1143).
Since the defendant failed to appear or answer the complaint and never vacated her default, she was precluded from asserting lack of standing as a defense to this action (see Ditech Fin., LLC v Howell, 201 AD3d 786, 788; Wells Fargo Bank, N.A. v Campbell, 196 AD3d 726, 727). Accordingly, the Supreme Court properly denied that branch of motion No. 2 which was to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing.
In support of motion No. 4, which was, in effect, pursuant to CPLR 5015(a)(3) to vacate the order dated September 4, 2018, the defendant essentially alleged that the plaintiff submitted a fraudulent assignment of the note and mortgage and "misrepresented the status of the debt" as unpaid, which amount to allegations of intrinsic fraud (see HSBC Bank USA, N.A. v Somalingam, 203 AD3d 897, 897). In this circumstance, the defendant was required to establish a reasonable excuse for her default and a potentially meritorious cause of action (see id. at 898; CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866). Since the defendant failed to demonstrate a reasonable excuse for her default in appearing or answering the complaint, or in opposing motion No. 1, the Supreme Court properly denied motion No. 4 (see US Bank N.A. v Eisler, 188 AD3d 1288, 1289).
The referee did not hold a hearing on the issues addressed in the referee's report. "However, as long as a defendant is not prejudiced by the inability to submit evidence directly to a referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (Bank of Am., N.A. v Scher, 205 AD3d 989, 990; see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770). Where, as here, "a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (Bank of Am., N.A. v Scher, 205 AD3d at 990; see Bank of N.Y. Mellon v Viola, 181 AD3d at 770). Accordingly, the Supreme Court properly denied motion No. 5.
Contrary to the defendant's contention, the referee's findings were not premised on unproduced business records (cf. Wells Fargo Bank, N.A. v Campbell, 196 AD3d at 727).
We do not reach the defendant's contentions concerning the order dated September 6, 2017, which denied motion No. 3, and so much of the order dated October 1, 2019, as denied motion No. 6. Since the defendant failed to include the motion papers for motion No. 3 and motion No. 6 in the appendix on appeal, the record is inadequate to review those contentions (see Shehata v Koruthu, 201 AD3d 761, 763; Cohen v Cohen, 172 AD3d 999, 1001).
The plaintiff's remaining contention is without merit.
The defendant's remaining contention is improperly raised for the first time on appeal.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court