Wells Fargo Bank, N.A. v Laronga (2023 NY Slip Op 04793)

Wells Fargo Bank, N.A. v Laronga

2023 NY Slip Op 04793

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-06990
 (Index No. 4224/10)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Joseph P. Laronga, etc., appellant, et al., defendants.

Binakis Law, P.C., Astoria, NY (Patrick Binakis of counsel), for appellant.
Day Pitney LLP, New York, NY (Christina A. Livorsi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph P. Laronga appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered October 2, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
In May 2008, the defendant Joseph P. Laronga (hereinafter the defendant) executed a note in the sum of $660,000, which was secured by a mortgage against certain real property located in Whitestone. On February 19, 2010, the plaintiff commenced this action to foreclose the mortgage, and the defendant thereafter interposed an answer. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, and, in an order entered April 23, 2015, the Supreme Court, among other things, granted the plaintiff's motion without opposition. In June 2016, a referee issued a report containing a determination as to the amount due to the plaintiff. The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered October 2, 2019, the court, among other things, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682). However, computations based on the "review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 621; see Hudson City Sav. Bank v DePasquale, 189 AD3d 1558, 1561).
Here, the referee based her findings upon her review of the note and mortgage, the summons and complaint, and an affidavit of merit and amount due of the plaintiff's employee, which listed the amounts due by month and the interest rate, as well as the taxes and insurance paid on the [*2]defendant's account. However, as the defendant correctly contends, the affidavit "constituted inadmissible hearsay and lacked probative value because the affiant did not produce any of the business records [s]he purportedly relied upon in making [her] calculations" (U.S. Bank N.A. v Barton, 207 AD3d 496, 498 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Sharon, 202 AD3d 764, 766; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769). Moreover, while the referee's report found that the mortgaged premises should be sold in one parcel, the referee failed to identify the documents or other sources upon which she based that finding (see Wilmington Sav. Fund Socy., FSB v Mehraban, 192 AD3d 1066; Citimortgage, Inc. v Kidd, 148 AD3d at 769). Under the circumstances, the referee's findings with respect to the total amount due and whether the subject property could be sold in one parcel were not substantially supported by the record (see U.S. Bank N.A. v Barton, 207 AD3d at 498; HSBC Bank USA, N.A. v Sharon, 202 AD3d at 766).
Since the defendant failed to oppose the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him, and did not seek to vacate the order granting that motion, the defendant is precluded from raising the plaintiff's alleged failure to comply with RPAPL 1304 or 1306 as a defense to this action (see JPMorgan Chase Bank, N.A. v Bracco, 200 AD3d 765, 766).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff and the entry of an appropriate amended judgment thereafter.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court