Countrywide Home Loans Servicing, L.P. v Weberman (2024 NY Slip Op 04240)

Countrywide Home Loans Servicing, L.P. v Weberman

2024 NY Slip Op 04240

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-06301
 (Index No. 9803/09)

[*1]Countrywide Home Loans Servicing, L.P., respondent,
v
Nechemia Weberman, appellant, et al., defendants.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Margaret J. Cascino and Kerena Straub of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nechemia Weberman appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 6, 2022. The order and judgment of foreclosure and sale, upon an order of the same court also dated June 6, 2022, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denying the cross-motion of the defendant Nechemia Weberman to dismiss the complaint insofar as asserted against him, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the order dated June 6, 2022, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
In 2009, the plaintiff commenced this action against the defendant Nechemia Weberman (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Brooklyn. The defendant failed to answer the complaint. In an order dated December 21, 2012, the Supreme Court granted the plaintiff's unopposed motion for an order of reference. In 2019, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to file a motion for a judgment of foreclosure and sale within one year of entry of the order of reference in accordance with part F of the Kings County Supreme Court Uniform Civil Term Rules. In an order dated June 6, 2022, the court granted the plaintiff's motion and denied the defendant's cross-motion. In an order and judgment of foreclosure and sale also dated June 6, 2022, the court granted the plaintiff's motion, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
The appeal from the order and judgment of foreclosure and sale brings up for review [*2]the order dated June 6, 2022 (see CPLR 5501[a][1]; Deutsche Bank Natl. Trust Co. v Higgs, 189 AD3d 1358, 1359).
The Supreme Court properly denied the defendant's cross-motion to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to file a motion for a judgment of foreclosure and sale within one year of entry of the order of reference in accordance with part F of the Kings County Supreme Court Uniform Civil Term Rules. Under the circumstances of this case, the court providently exercised its discretion in accepting the plaintiff's excuse for failing to comply with the court rule (see HSBC Bank USA, N.A. v Baptiste, 218 AD3d 448, 449; Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 739; OneWest Bank, FSB v Rodriguez, 171 AD3d 772, 773).
Nevertheless, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791). "However, computations based on the review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Wells Fargo Bank, N.A. v Laronga, 219 AD3d 1559, 1560 [internal quotation marks omitted]).
Here, the referee's report was based upon her review, inter alia, of the note and mortgage, the summons and complaint, and an affidavit of merit and amount due, which listed the amount due to the plaintiff. However, as the defendant correctly contends, the affidavit constituted inadmissible hearsay and lacked probative value because the affiant failed to produce the business records purportedly relied upon in making her calculations (see Ocwen Loan Servicing, LLC v Coles, 223 AD3d 678, 680; Wells Fargo Bank, N.A. v Laronga, 219 AD3d at 1561; Bank of Am., N.A. v Barton, 199 AD3d 625, 627).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff and the entry of an appropriate amended judgment thereafter.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court