## Bank of N.Y. Mellon v Ferrigno

2025 NY Slip Op 31626(U)

April 29, 2025

Supreme Court, Kings County

Docket Number: Index No. 513951/15

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the _29TH  day of April, 2025.

P R E S E N T :

HON. CENCERIA EDWARDS,

Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2007-FA2,

Plaintiff,

- against -

Index No. 513951/15

GIOVANNA FERRIGNO; MARIA PERUFFO; GIUSEPPE FERRIGNO; CITIBANK (SOUTHDAKOTA), N.A.; TRIBECA ASSET MGMT LLC; LOUIS ILLANO; MICHAEL MARINO; JOSEPH MAZZOLA; NADIA DAVID; MICHELLE ILLANO, "JOHN DOE #6" through "JOHN DOE #12," the last seven names being fictitious and unknown to plaintiff, the person or parties intended being the tenants, occupants, persons or corporation, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| The following e-filed papers read herein: | NYSCEF Doc Nos. | |
|---|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) | 130-133, 135-154 | 155-158 |
| Opposing Affidavits (Affirmations) | 156-158 | 159-161 |
| Reply Affidavits (Affirmations) | 159-161 | 162 |

Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property at 243 Bay 35th Street in Brooklyn (Block 6890, Lot 13) (Property),

[* 1]

plaintiff The Bank of New York Mellon f/k/a Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2007-FA2 (BONY or Plaintiff) moves (in motion sequence [mot. seq.] five) for an order: (1) confirming the Referee's Report made in accordance with RPAPL § 1321; (2) granting it a judgment of foreclosure and sale, pursuant to RPAPL § 1351; (3) directing the distribution of the sale proceeds, pursuant to RPAPL § 1354; and (4) amending the caption to remove John Doe #6 through John Doe #12 as party defendants (NYSCEF Doc No. 130).

Defendant Giovanna Ferrigno (Giovanna) cross-moves (in mot. seq. six) for an order: (1) dismissing the summons and complaint, pursuant to CPLR 3212 and RPAPL § 1304, and (2) cancelling the notice of pendency filed against the Property, pursuant to CPLR 6514 (NYSCEF Doc No. 155).

### Background

On November 13, 2015, BONY commenced this foreclosure action by filing a summons, an unverified complaint and a notice of pendency against the Property (NYSCEF Doc No. 1-2). The complaint alleges that on February 9, 2007, Giovanna Ferrigno executed and delivered a $556,500.00 promissory note secured by a mortgage executed by Giovanna, Maria Peruffo and Giuseppe Ferrigno encumbering the Property (NYSCEF Doc No. 1 at ¶¶ 2 and 4). The complaint alleges that "Defendants failed to comply with the conditions of the note and mortgage by failing to make the payment that became due on September 1, 2009 and each subsequent payment thereafter" (*id.* at ¶ 9).

[* 2]

On March 23, 2016, Defendant Giovanna filed a notice of appearance by counsel (NYSCEF Doc No. 43). Giovanna appeared with defense counsel for mandatory settlement conferences, pursuant to CPLR 3408, until the action was referred to the court on September 12, 2016 (NYSCEF Doc No. 44).

On January 17, 2017, Giovanna moved to dismiss the complaint, pursuant to CPLR 3211 (a) (4), based on a prior action pending since 2010 (NYSCEF Doc Nos. 46 and 47). By an April 26, 2017, decision and order, the court (Dear, J.) granted Giovanna's dismissal motion because "Plaintiff has an identical action for the exact same relief under index # 47/2010" (NYSCEF Doc No. 63).

On May 31, 2017, BONY moved for leave to reargue its opposition to Giovanna's dismissal motion (NYSCEF Doc No. 65). Giovanna opposed the motion (NYSCEF Doc No. 73). By a February 20, 2018 decision and order, the court granted BONY's reargument motion and restored this action to the active calendar on the ground that the court "overlooked some procedural issues . . ." (NYSCEF Doc No. 76).

On October 13, 2018, BONY moved for summary judgment, a default judgment against the non-appearing and non-answering defendants, an order of reference and to amend the caption (NYSCEF Doc No. 81). On February 1, 2019, Giovanna opposed BONY's motion and cross-moved for dismissal, pursuant to CPLR 3215 (c), or, alternatively, leave to submit a late answer (NYSCEF Doc No. 105).

By an April 15, 2019, decision and order, the court (Dear, J.) denied Giovanna's dismissal cross-motion on the ground that "Defendant appeared in this action through

3

[* 3]

counsel in 2016, filing a notice of appearance" and "[a]s such, she cannot raise 3215[c]" (NYSCEF Doc No. 122 at 1). The court held that "Plaintiff has proffered a sufficient explanation for the delay in seeking [a] default judgment" (*id.*). The court also denied Giovanna's motion for leave to file a late answer since she failed to offer a reasonable excuse for her failure to answer (*id.* at 2). The court granted BONY a default judgment and held that it "met its burden, producing the note, mortgage and evidence of default" (*id.*). On April 15, 2019, the court also issued an Order of Reference and Default Judgment (NYSCEF Doc No. 123).

### *BONY's Instant Motion*

On September 29, 2021, BONY moved for an order confirming the October 31, 2019 Referee's Report and for a Judgment of Foreclosure and Sale. BONY submits the Referee's Report with an affidavit from Christine Lozano, a Vice President of Nationstar Mortgage LLC d/b/a Mr. Cooper (Nationstar), the servicer of the subject mortgage loan, regarding the amount due along with a one-page computerized printout rather than the payment history of the loan (NYSCEF Doc No. 149). Notably, BONY also submits a limited power of attorney between it and Nationstar, which was executed on August 28, 2014, however, the limited power of attorney specifically states that:

> "[t]his Power of Attorney is effective for two (2) years from the date hereof or the earlier of (i) revocation by the Bank, (ii) the Attorney shall no longer be retained on behalf of the Bank or an affiliate of the Bank; or (iii) the expiration of one year from the date of execution" (NYSCEF Doc No. 152).

4

[* 4]

Thus, the limited power of attorney between Nationstar and BONY seemingly expired before BONY filed the instant motion.

### *Defendant Giovanna's Cross-Motion*

On July 12, 2022, Giovanna opposed BONY's motion and cross-moved for an order, pursuant to CPLR 3212 and RPAPL § 1304, dismissing the summons and complaint based on BONY's failure to strictly comply with RPAPL § 1304 (NYSCEF Doc No. 155). Defense counsel submits an affirmation arguing that:

> "because the purported notices pursuant to RPAPL § 1304 that Plaintiff relies upon in this proceeding clearly violate the governing rules articulated by the Appellate Division, Second Department in *Bank of America, N.A. v. Kessler*, 202 A.D.3d 10 (2d Dep't 2021) ('*Kessler*'), as well as a number of recent appellate decisions interpreting and applying *Kessler*, Plaintiff's motion must, respectfully, be denied and Defendant's cross-motion must, respectfully, be granted dismissing this action in its entirety" (NYSCEF Doc No. 156 at ¶ 4).

Essentially, defense counsel argues that the Second Department held in *Kessler* that strict compliance with RPAPL § 1304 requires a separate notice to each borrower in a separate envelope without any additional information included as a "bright-line rule" (*id.* at ¶ 7). Defense counsel asserts that the 90-day foreclosure notice in this action is improper, pursuant to the holding in *Kessler*, because it "includes additional language which, among other things, detailed that the notice was an attempt to collect a debt and attempted to explain any potential bankruptcy rights that Defendant may have" (*id.* at ¶ 11).

5

[* 5]

Even if Giovanna's summary judgment cross-motion is not granted, defense counsel argues that BONY's motion should still be denied because: (1) the limited power of attorney between BONY and Nationstar expired prior to BONY's motion; (2) the affidavit of Christine Lozano of Nationstar (relied upon by the Referee) is inadequate regarding the amounts due because it fails to annex the business records reflecting the payment history of the loan; (3) the Referee failed to hold a hearing on notice to Defendant Giovanna; and (4) as a matter of equity, interest should be tolled due to BONY's inexcusable delays in prosecuting this action (*id.* at ¶ 13).

### *BONY's Opposition and Reply*

BONY, in opposition to Giovanna's cross-motion and in reply, submits an attorney affirmation arguing that "Defendant's instant Cross-Motion seeks summary judgment without even seeking to vacate the Default Judgment entered against her" and thus, the cross-motion need not be considered (NYSCEF Doc No. 159 at ¶¶ 10 and 12). BONY's counsel also argues that Gioanna's summary judgment cross-motion based on RPAPL § 1304 is barred by law of the case doctrine, since a default judgment and an order of reference were already granted in favor of BONY (*id.* at ¶¶ 13-23). BONY's counsel further contends that Defendant Giovanni's summary judgment cross-motion must be denied because it is only supported by an attorney affirmation, which lacks probative value (*id.* at ¶¶ 28-29). BONY's counsel next argues that the Second Department's 2021 holding in *Kessler* cannot be applied retroactively to BONY's RPAPL § 1304 notice, which was served upon Giovanna in 2015 (*id.* at ¶¶ 46-47). Finally, BONY's counsel notes that the

6

[* 6]

Second Department's holding in *Kessler* has been appealed to the Court of Appeals and there is a "significant likelihood" that it will be overturned (*id.* at ¶¶ 55-57).

Regarding its motion to confirm the Referee's Report, BONY's counsel merely references the one-page computerized print-out annexed to the Referee's Report and asserts that "Plaintiff produced its own business records, which demonstrated the amount due and owing to Plaintiff" (*id.* at ¶ 62). BONY's counsel also asserts that "Defendant was served with a Notice of Computation on **October 17, 2019**, wherein Defendant was explicitly given the opportunity to object to Plaintiff's proposed computation and to offer evidence of his own in support of how much Defendant believes is owed to Plaintiff" (*id.* at ¶ 74). Notably, BONY's counsel fails to mention or even address the fact that the limited power of attorney between it and Nationstar expired before the 2019 Referee's Report based on the Lozano/Nationstar affidavit was issued.

## Discussion

### *(1)*

### *Defendant Giovanna's Summary Judgment Cross-Motion*

As a preliminary matter, Defendant Giovanna is not entitled to summary judgment, or any affirmative relief at all, since she never sought to vacate the court's April 15, 2019, order granting BONY an order of reference on default (*see* NYSCEF Doc No. 122).

In any event, Giovanna's summary judgment cross-motion has no merit because the Second Department holding in *Kessler* was reversed by the Court of Appeals' subsequent decision in *Kessler* issued on February 14, 2023, after the instant motion and cross-motion

7

[* 7]

were already *sub judice*. Importantly, in *Bank of Am. v Kessler*, the Court of Appeals specifically rejected the bright-line rule imposed by the Second Department, and held that statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure do not constitute "other notices" that must be sent in a separate envelope from the RPAPL § 1304 notice and "application of a bright-line rule would contravene the legislative purpose" of RPAPL § 1304 (*Bank of Am., N.A. v Kessler*, 39 NY3d 317, 326 [2023]). Based on the Court of Appeals' holding in *Kessler*, BONY's RPAPL § 1304 notice was proper, despite the fact that it included additional information in the notice. Consequently, for these reasons, Giovanna's summary judgment cross-motion is denied.

*(2)*

### *BONY's Motion to Confirm the Referee's Report and for Judgment of Foreclosure and Sale*

CPLR 4403 provides that "[u]pon the motion of any party . . . the judge required to decide the issue may confirm or reject, in whole or in part . . . the report of a referee . . . may make new findings with or without taking additional testimony; and may order a new trial or hearing." The Second Department has held that "[t]he report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (*Citimortgage, Inc. v Kidd*, 148 AD3d 767, 768 [2d Dept 2017]).

8

[* 8]

Here, confirmation of the 2019 Referee's Report is not warranted because it is based entirely on the affidavit of Christine Lozano of Nationstar without a valid power of attorney evidencing that Nationstar had authority to act or speak on BONY's behalf (*see Citibank, N.A. v Herman*, 215 AD3d 629, 630 [2d Dept 2023]). The terms of the limited power of attorney in the record reflect that it expired prior to the Referee's Report and BONY's motion. In addition, "computations based on the review of unidentified and unproduced business records . . . constitute inadmissible hearsay and lack probative value" (*Wells Fargo Bank, N.A. v Laronga*, 219 AD3d 1559, 1560 [2d Dept 2023] [internal quotation marks omitted]). Here, the Referee's Report computed the amounts due and owing based solely on Lozano's affidavit testimony, which was not supported by the payment history of the loan kept by BONY or its authorized agent in the regular course of business. Accordingly, it is hereby

**ORDERED** that BONY's motion (mot. seq. five) is denied without prejudice and with leave to renew after the Referee issues a new Report based on admissible evidence of the amounts due and owing; and it is further

**ORDERED** that Defendant Giovanna's cross-motion (mot. seq. six) is denied.

This constitutes the decision and order of the court.

E N T E R,

_____

J. S. C. Cenceria P. Edwards, CPA

9

[* 9]