**Wells Fargo Bank, N.A. v Notice**

2025 NY Slip Op 32048(U)

June 9, 2025

Supreme Court, Kings County

Docket Number: Index No. 522486/16

Judge: Cenceria Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the _9 day of June, 2025.

P R E S E N T:

HON. CENCERIA EDWARDS,
                                                    Justice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WELLS FARGO BANK, N.A., AS TRUSTEE FOR
CARRINGTON MORTGAGE LOAN TRUST, SERIES
2006-FRE1 ASSET-BACKED PASS-THROUGH
CERTIFICATES,

                                                    Plaintiff,

            - against -                                         Index No. 522486/16

SHIRLEY NOTICE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW YORK
CITY PARKING VIOLATIONS BUREAU; BEVERLY
SALMON SUED HEREIN ASS JANE DOE 1,

                                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
The following e-filed papers read herein:                    NYSCEF Doc Nos.

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) _____          60-81   90-95
Opposing Affidavits (Affirmations)_____          90-95

Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property at 678 East 52nd Street in Brooklyn (Block 4772, Lot 18) (Property), plaintiff Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1 Asset-Backed Pass-Through Certificates (Wells Fargo or Plaintiff) moves (in motion sequence [mot. seq.] three) for an order: (1) confirming the Referee's Report made in accordance with RPAPL § 1321; (2) granting it a judgment of foreclosure and sale,

[* 1]

pursuant to RPAPL § 1351; and (3) directing the distribution of the sale proceeds, pursuant to RPAPL § 1354 (NYSCEF Doc No. 60).

Defendant Shirley Notice ((Notice or Defendant) cross-moves (in mot. seq. four) for an order: (1) granting Defendant's cross-motion and denying Plaintiff's motion; (2) denying Plaintiff's motion based on its failure to comply with CPLR 4518 (a); and (3) dismissing the complaint based on RPAPL § 1304 (NYSCEF Doc No. 90).

### Background

On December 19, 2016, Wells Fargo commenced this foreclosure action by filing a summons, a complaint verified by counsel and a notice of pendency against the Property (NYSCEF Doc No. 1-2). The complaint alleges that on or about April 18, 2006, Shirley Notice executed and delivered a $457,920.00 promissory note in favor of the original lender, Fremont Investment and Loan (Fremont), which was secured by a mortgage encumbering the Property (NYSCEF Doc No. 1 at ¶¶ 3 and 6). The complaint alleges that the mortgage and note were modified on or about January 5, 2013, to increase the principal balance to $595,690.32 (*id.* at ¶ 4). The complaint alleges that Defendant Notice "failed to comply with the terms and conditions of said above named instrument[s] by failing or omitting to pay the installment which became due and payable as of May 1, 2013 . . . and every month thereafter, to the date hereof, although duly demanded" (*id.* at ¶ 8).

On February 10, 2017, Defendant Notice answered the complaint, denied the material allegations therein and asserted affirmative defenses, including that "Plaintiff did

2

[* 2]

not wait 90 days from delivering a copy of a statutorily required 90-Day Pre-Foreclosure Notice" (NYSCEF Doc No. 16).

On May 2, 2019, Wells Fargo moved for summary judgment and an order striking Defendant Notice's answer and an order of reference (NYSCEF Doc No. 36). By an October 4, 2019, order, the court (Dear, J.) granted Wells Fargo's summary judgment motion, struck Defendant Notice's answer, awarded a default judgment against the non-appearing defendants and appointed a referee to compute the amount due to Plaintiff (NYSCEF Doc No. 57).

### Wells Fargo's Instant Motion

On August 5, 2020, Wells Fargo moved for an order confirming the March 9, 2020, Referee's Report and for a Judgment of Foreclosure and Sale (NYSCEF Doc No. 60). Wells Fargo submits the Referee's Report with an affidavit from Elizabeth Gonzalez (Gonzalez), a Default Fulfillment Manager for Carrington Mortgage Services, LLC (Carrington), the purported servicer of the mortgage loan and Wells Fargo's attorney-in-fact, regarding the amount due along with a "Computation Schedule" of the amounts due rather than a full payment history of the subject mortgage loan (NYSCEF Doc No. 79, Gonzalez affidavit at ¶ 5). Gonzalez attests that she is "fully familiar with the facts and circumstances hereinafter set forth based upon a review and examination of the records maintained in the regular course of business" without identifying whose business records she relied upon (*id.* at ¶ 1). Wells Fargo fails to submit either the business records upon

3

[* 3]

which Gonzalez's affidavit is based or a power of attorney between Wells Fargo and Carrington reflecting that Carrington is authorized to speak on its behalf.

### *Defendant Notice's Cross-Motion*

On June 27, 2022, Defendant Notice opposed Wells Fargo's motion and cross-moved to dismiss the complaint pursuant to RPAPL § 1304 (NYSCEF Doc No. 90). Defense counsel submits an affirmation arguing that Wells Fargo's motion should be denied because Gonzalez's affidavit "does not state whose or what business records she has reviewed" (NYSCEF Doc No. 91 at ¶¶ 15 and 24). Defense counsel argues that Gonzalez's affidavit testimony is inadmissible hearsay without producing the business records upon which her affidavit is based (*id.* at ¶¶ 20-21). Defense counsel also notes that "Gonzales has failed to include as part of her affidavit a power of attorney or servicing agreement between the plaintiff and Carrington . . . giving her the authority to provide her affidavit on behalf of the Plaintiff" (*id.* at ¶ 23).

Defense counsel further argues that the complaint should be dismissed based Plaintiff's failure to strictly comply with RPAPL § 1304. Essentially, defense counsel argues that Wells Fargo's 90-day pre-foreclosure notices in the record fails to strictly comply with RPAPL § 1304 because they include "additional notices" that are precluded under the Second Department's holding in *Bank of America, N.A. v. Kessler*, (202 AD3d 10 [2d Dept 2021] (Kessler) (*id.* at ¶¶ 27-46).

4

[* 4]

***Wells Fargo's Opposition and Reply***

Wells Fargo, in opposition to the cross-motion and in reply, submits a memorandum of law arguing that "this Court has already granted Plaintiff summary judgment and appointed a referee to compute" and "Defendant fails to even attempt to vacate [her] default in opposing Plaintiff's MSJ, which is required before this Court is permitted to reopen the Order" (NYSCEF Doc No. 96 at 1-2). Wells Fargo further argues that "Defendant has waived any defense concerning RPAPL § 1304 by not opposing Plaintiff's MSJ or seeking to vacate her failure to oppose the motion" (*id.* at 6). Wells Fargo also asserts that "Defendant would be required to seek leave to renew the Order in order to raise any allegations of Plaintiff's lack of compliance with *Kessler* because it is clear that *Kessler* would constitute a change of law in this case" (*id.*).

## Discussion

### *(1)*

***Defendants' Summary Judgment Cross-Motion***

As a preliminary matter, Defendant Notice is not entitled to summary judgment, or any affirmative relief at all, since she never sought to vacate the court's October 4, 2019, order granting Wells Fargo an order of reference on default (*see* NYSCEF Doc No. 57).

In any event, Defendant Notice's summary judgment cross-motion has no merit because the Second Department holding in *Kessler* was reversed by the Court of Appeals' subsequent decision in *Kessler* issued on February 14, 2023, after the instant motion and cross-motion were already *sub judice*. Importantly, in *Bank of Am. v Kessler*, the Court of

[* 5]

Appeals specifically rejected the bright-line rule imposed by the Second Department, and held that statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure do not constitute "other notices" that must be sent in a separate envelope from the RPAPL § 1304 notice and "application of a bright-line rule would contravene the legislative purpose" of RPAPL § 1304 (*Bank of Am., N.A. v Kessler*, 39 NY3d 317, 326 [2023]). Based on the Court of Appeals' holding in *Kessler*, Wells Fargo's RPAPL § 1304 notice was proper, despite the fact that it included additional information in the body of the document. Consequently, for these reasons, Notice's summary judgment cross-motion is denied.

*(2)*

### *Wells Fargo's Motion to Confirm the Referee's Report and for Judgment of Foreclosure and Sale*

CPLR 4403 provides that "[u]pon the motion of any party . . . the judge required to decide the issue may confirm or reject, in whole or in part . . . the report of a referee . . . may make new findings with or without taking additional testimony; and may order a new trial or hearing." The Second Department has held that "[t]he report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (*Citimortgage, Inc. v Kidd*, 148 AD3d 767, 768 [2d Dept 2017]).

Here, confirmation of the Referee's Report is not warranted because it is based entirely on Gonzalez's affidavit from Carrington without a valid power of attorney

6

[* 6]

evidencing that Carrington had authority to act or speak on Wells Fargo's behalf (*see Citibank, N.A. v Herman*, 215 AD3d 629, 630 [2d Dept 2023]). In addition, "computations based on the review of unidentified and unproduced business records . . . constitute inadmissible hearsay and lack probative value" (*Wells Fargo Bank, N.A. v Laronga*, 219 AD3d 1559, 1560 [2d Dept 2023] [internal quotation marks omitted]). Here, the Referee's Report computed the amounts due and owing based solely on Gonzalez's affidavit testimony, which was not supported by the payment history of the loan kept by Wells Fargo or its authorized agent in the regular course of business. Accordingly, it is hereby

**ORDERED** that Wells Fargo's motion (mot. seq. three) is denied without prejudice and with leave to renew after the Referee issues a new Report based on admissible evidence of the amounts due and owing; and it is further

**ORDERED** that Defendant Notice's cross-motion (mot. seq. four) is denied.

This constitutes the decision and order of the court.

E N T E R,

June 9, 2025

_____
J. S. C. Hon. Cenceria P. Edwards, CPA

7