Wilmington Sav. Fund Socy., FSB v Blick (2025 NY Slip Op 03601)

Wilmington Sav. Fund Socy., FSB v Blick

2025 NY Slip Op 03601

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-07475
 (Index No. 4913/20)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Sunny Blick, et al., defendants, Yun S. Pak, appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Roach & Lin, P.C., Syosset, NY (Edward Rugino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Yun S. Pak appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), entered July 6, 2023. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Orange County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
On October 14, 2005, Stuart A. Blick (hereinafter the borrower) executed a note in the amount of $452,000 in favor of Washington Mutual Bank, FA (hereinafter WaMu). The note was secured by a mortgage on certain real property located in Orange County. The mortgage was signed by both the borrower and the defendant Sunny Blick (hereinafter Blick).
On September 3, 2020, the plaintiff, WaMu's successor in interest, commenced the instant action to foreclose the mortgage against Blick and the defendant Yun S. Pak, among others. The complaint alleged that the borrower had died on July 22, 2018. The complaint further alleged that Pak "is the owner of the equity of redemption herein foreclosed and is joined as a necessary party." Pak interposed an answer on October 6, 2020. In an order dated August 25, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Pak and for an order of reference and appointed a referee to compute the amount due on the note.
On January 23, 2023, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In support of its motion, the plaintiff submitted the report of the referee, who concluded that the sum of $407,224.43, plus interest from December 2, 2022, was due [*2]on the note. For his report, the referee relied on, among other things, an affidavit of Elizabeth Corral, a default fulfillment manager of Carrington Mortgage Services, LLC, the plaintiff's loan servicer. The referee further stated, "I have made inquiry as to the advisability of selling the mortgaged premises in parcels and find accordingly that the mortgaged premises should be sold in one parcel."
In an order and judgment of foreclosure and sale entered July 6, 2023, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. Pak appeals.
The Supreme Court erred in confirming the referee's report. Initially, the plaintiff's contention that Pak waived the contention that the referee's report was not substantially supported by the record is without merit. Pak properly made this argument in opposition to the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale (see Citimortgage v Stuckova, 199 AD3d 984, 985; Wells Fargo Bank, N.A. v Campbell, 196 AD3d 726, 727).
The report of a referee should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility (see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030; Matter of Cincotta, 139 AD3d 1058). The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute (see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236-1237).
Here, the referee's findings with respect to the total amount due on the note were not substantially supported by the record (see Wells Fargo Bank, N.A. v Laronga, 219 AD3d 1559, 1561; Wilmington Sav. Fund Socy., FSB v Mehraban, 192 AD3d 1066, 1068). The referee's computation was premised upon business records annexed to Corral's affidavit that failed to sufficiently evince the facts for which those records were relied upon, namely, the total amount due (cf. Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 207). Notably, the records did not identify the loan or the borrower to which they referred, nor was an adequate explanation provided, either in Corral's affidavit or the records themselves, as to the completeness of the figures contained in the records.
Moreover, while the referee's report found that the property should be sold in one parcel, the referee failed to identify the documents or other sources upon which he based that finding. Thus, the referee's findings with respect to the total amount due and whether the property could be sold in one parcel were not substantially supported by the record (see Wells Fargo Bank, N.A. v Laronga, 219 AD3d at 1561).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court