HSBC Bank USA, N.A. v Sanchez (2025 NY Slip Op 06310)

HSBC Bank USA, N.A. v Sanchez

2025 NY Slip Op 06310

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-06343
 (Index No. 130348/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Veronica Sanchez, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
McCalla Raymer Leibert Pierce, New York, NY (Harold L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Veronica Sanchez appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Desmond A. Green, J.), dated October 30, 2020. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the real property at issue.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.
In March 2013, the plaintiff commenced this action against the defendant Veronica Sanchez (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Staten Island (hereinafter the property). Thereafter, the plaintiff filed a supplemental summons and amended complaint, and the defendant interposed an answer to the amended complaint. In an order entered March 14, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The order appointed a referee to compute the amount due to the plaintiff and authorized the referee, "if required, . . . [to] take testimony pursuant to RPAPL § 1321."
After the referee issued her report, the plaintiff moved, among other things, to confirm the report and for a judgment of foreclosure and sale. The defendant opposed the motion.
In an order and judgment of foreclosure and sale dated October 30, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion, confirmed the referee's report, and [*2]directed the sale of the property. The defendant appeals.
Contrary to the defendant's contention, the referee's failure to conduct a hearing on notice did not warrant denial of that branch of the plaintiff's motion which was to confirm the referee's report (see U.S. Bank N.A. v Tenenbaum, 228 AD3d 694, 695-696; Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d 991, 994). "Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d at 994 [internal quotation marks omitted]; see U.S. Bank N.A. v Tenenbaum, 228 AD3d at 696).
Nonetheless, the Supreme Court should not have confirmed the referee's report. A referee's report with computations that are based on the review of unidentified and unproduced business records which constitute inadmissible hearsay is not substantially supported by the record (see Bank of N.Y. Mellon v Glasgow, 232 AD3d 754, 755; Wells Fargo Bank, N.A. v Laronga, 219 AD3d 1559, 1560).
No affidavit of merit or records of payments were attached to the report. Moreover, an affidavit of an assistant vice president of the plaintiff's servicer constituted inadmissible hearsay and lacked probative value, as the affiant did not produce any of the business records he purportedly relied upon in making his calculations (see Wells Fargo Bank, N.A. v Laronga, 219 AD3d at 1561; U.S. Bank N.A. v Barton, 207 AD3d 496, 498). The referee also failed to identify the documents or other sources upon which she based her finding (see Bank of N.Y. Mellon v Glasgow, 232 AD3d at 756; Wells Fargo Bank, N.A. v Laronga, 219 AD3d at 1561). Under the circumstances, the referee's findings with respect to the total amount due and whether the property could be sold in one parcel were not substantially supported by the record (see Bank of N.Y. Mellon v Glasgow, 232 AD3d at 756; Wells Fargo Bank, N.A. v Laronga, 219 AD3d at 1561).
Accordingly, we reverse the order and judgment of foreclosure and sale insofar as appealed from, deny those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and remit the matter to the Supreme Court, Richmond County, for a new report computing the amount due to the plaintiff and the entry thereafter of an appropriate amended judgment.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court